The Judges delivered their opinions.
JUDGE TUCKER.
On perusing the record in this case, I can discover no radical error therein. The judgment, being entered for interest, at six per cent, per ann. on the costs of the suit, at first I thought it was erroneous; but I find that the act of 1803, (a) gave interest upon costs;* and this judgment was rendered before that act was amended at the next session, (b) 1 have had some doubts, indeed, in what manner the plaintiff ought to have declared, upon this uncommon obligation, which I incline to think a collateral, and not a joint bond; and though, perhaps, upon a demurrer, the declaration might have been considered as faulty, yet, as no exception was then taken to it, I think the error in demanding the penalty (if it be an error) is cured by the statute of jeofails. The evidence 180 was, I think, *unexceptionable, and very properly admitted. Upon the whole, I think the judgment ought to be affirmed; although a skilful pleader might perhaps have puzzled the plaintiff’s counsel, and the Court, by a judicious and well-timed defence. I believe and hope the justice of the case has been obtained; and, thinking so, I am unwilling to reverse a judgment when I cannot satisfactorily point out an error.
JUDGE ROANE.
The bond stated in the declaration, was undoubtedly the bond of Atwell; and that, as well in relation to the penal part thereof, as the condition. Stronger words could not have been used by him to testify his willingness to be bound thereby, and the writing containing the same sealed and delivered by him. A contrary decision would go the full length, therefore, of affirming that an obligor cannot adopt, by reference, (by any words ■whatsoever,) a previous obligation, as his obligation, and become a party thereto; a position which is entirely interdicted by the rules of law, which regard substance, rather than the forms used, in relation to this subject. But, although this was the bond of Atwell, it was his joint bond merely. The expression is, “I agree to join in the above obligation, and to be the security of J. S.,” which expression is abundantly satisfied by considering it as a joint bond, and there is nothing therein to import that a several one was intended. In the case of Harrison v. Field, (c) it is said by one of the Judges, that there may be good reasons with an obligor to prefer a joint bond to a joint and several one; such, for example, as those resulting from the doctrine of survivorship. In 5 Bac. 164, it is said that if three bind themselves in a bond “conjunctim, et quemlibet eorum, ” it is yet only a joint bond, by reason of the word “conjunctim;” and that the word “quemlibet” cannot make it several; it being inserted only to shew more strongly that they should all be bound, but not that they should be severally bound. This case is infinitely stronger than the case at bar, in which there are no words whatever 181 importing or seeming to import, that the bond should be several.
Being a joint bond, therefore, and made in the jrear 1783, it is of the very substance and gist of the action, when one obligor or his representatives is sued, to aver in the declaration that that obligor survived his companion; for, if they are both alive, the action must be against both; and, if his companion survived him, the action against his representatives is gone for ever. I do not require any particular technical form of words in the declaration to charge this, but the fact must be substantially stated: it cannot be dispensed with, under the decisions of this Court, which are too numerous and too well known to the bar to be particularly mentioned. Let us see whether any thing like a positive averment is contained in the declaration before us. There is an averment “that neither the said J. S. or any representative of his” has paid the debt. This, at most, only charged, by implication, that J. S. was dead and had a representative: it does not, however, come up to the point of stating that he died in the life-time of Atwell. It therefore avers nothing, to give the action against Atwell’s representatives. Again, it is stated in the breach, that the said 1 ‘Atwell, against whom right of action accrued under the premises,” did not pay: but this again does not come up to the desideratum: it not only states an inference in law, instead of the averment of the necessary fact; but that inference may have arisen in the mind of the drawer of the declaration, from a misapprehension of the purport of the bond; in consequence (perhaps) of his erroneously taking it to be a several bond, as well as a joint one. It is not the province of a plaintiff to state merely the inferences of law in his declaration, but those facts also on which they are founded, and which form the foundation of his claim. This declaration then is radically defective in substance; 182 *and I regret to say that the judgment of the District Court must, on this ground, be reversed.*
JUDGE FLEMING
entertained doubts whether the judgment was right or wrong ; but said it was always a rule with him in such cases to affirm it. He therefore concurred with JUDGE TUCKER; and, by a majority of the Court, the judgment was affirmed.

 2 Rev. Code, p. 30. c. 29. s. 5.

Note by the Reporter. It has since been decided, on arffument, in the case of M’Rea v. Brown, April 2d, 1811, that interest on costs could not properly be allowed, under the above-mentioned act of 1803. In this case, the point was not made in arfrument, and appears to have been noticed by Judge Tucker only.

 2 Rev. Code, c. 57, s. 2.

 2 Wash, 138.

After this case was decided, Judge Roane stated, as a circumstance shewing- the importance of the requisite averment in the declaration, that in the case of Atwell’s Adm'rs v. Milton, decided in this Court (vide 4 H. & M. 253), upon a covenant in which the same parties above named (Atwell and Smith) were joined, it was stated, by way of implication, in the declaration, that Smith survived Atwell; whereas, in the present case, it is.said to be implied from the statement made in this declaration, that Atwell survived Smith! and that he believed, judgment was rendered in that case accordingly! — Note in Original Edition,_